## ESTANISLAO MONTOYA v. JOHN DONOHOE.

*January 21, 1882.*

PRACTICE.    (1) *District court cannot order nonsuit in ejectment peremptorily against the will of plaintiff.*

DECISIONS OF U. S. SUPREME COURT.    (2) *Duty of New Mexico courts to follow.*

1.   An action of ejectment was brought to trial, a jury impanelled and the case opened by plaintiff's attorney, when, before any testimony was taken, the court, of its own motion, acting under the 24th section of the Practice Act of 1851 (General Laws, page 119), providing that " When any matter is pleaded by either party at any stage of the cause, within the time of pleading, it shall be the duty of the court, before the same is submitted to the jury, to consider and determine upon the sufficiency of the matter, whether excepted to or not," directed a nonsuit to be entered in said cause, and the jury to be discharged, because of a defect in the declaration.

   *Held* (affirming *Herrera v. Chaves, ante,* p. 86), that the district courts could not in any case order a peremptory nonsuit against the will of the plaintiff; that the foregoing statutory provision devolved upon the court the duty of doing only what could be done on motion or objection by a party, but did not give it authority to perform any act which it could not legally do in any other case, even upon motion or objection of a party; that the defect merely rendered the declaration demurrable, and that it was the duty of the court so to determine and to order an amendment of the declaration.

2.   It is the duty of the courts of New Mexico to follow the decisions of the United States supreme court, so long as New Mexico remains a territory.

Writ of error to the District Court of Bernalillo county.

This is an action of ejectment brought by plaintiff in error,

Montoya v. Donohoe.

to recover the possession of a tract of land, described in the petition as situate in precinct No. 20, Socorro county, and bounded on the north by a little hill which encloses a vega or meadow; on the east by the Rio Grande river; on the south by a "Lome Parda," and on the west by the hills.

Defendant appeared and pleaded not guilty, and took a change of venue to Bernalillo county. The cause was once tried and the jury did not agree; on coming on for trial the second time, after the jury had been sworn, and plaintiff had opened the case to the jury and before he was permitted to introduce any evidence, the court directed a nonsuit in the case on the ground of uncertainty of the description of the property as is set out in the judgment of nonsuit entered.

*Breeden & Waldo* and *Catron & Thornton*, for plaintiff in error.

It is not the practice to order a nonsuit upon the opening statement of the plaintiff's counsel on the assumed insufficiency of the facts stated to recover in the action. See *Fisher v. Fisher*, 5 Wis., 472.

A "nonsuit" cannot be ordered by the court without the consent and acquiescence of the plaintiff. See *De Wolf v. Robord*, 1 Pet., 497; *Crane v. Morris*, 6 Pet., 609; *Wills v. Gaty*, 8 Mo., 685; *Booe v. Davis*, 5 Blackf., 115; *Hill v. Rucker*, 14 Ark., 709.

The description in this case is good and sufficient. In English practice it is not necessary to give any local description of the premises beyond a statement of the county in which they lay. See Taylor on Eject., 393.

All the authorities say that a general description is good unless the statutes of the state require description to be more specific: *Id.*, 6 Peters, 50.

*Conway & Risque*, for defendant in error.

There is no error in the record in this case. The court below committed no error in ordering nonsuit after plaintiff

had opened his case to the jury and before he was permitted to introduce any evidence.

The record shows that the plaintiff did not ask for leave to amend his declaration. Defendant insists that it was proper to order a nonsuit at the stage of the cause at which it was ordered by the court below.

"Where any matter is plead by either party, at any stage of the cause, within the time of pleading, it shall be the duty of the court, before the same is submitted to the jury to consider and determine upon the sufficiency of the matter, whether excepted to or not:" Prince's General Laws of New Mexico, p. 119, sec. 24.

Where the pleadings are so defective as to justify an arrest of judgment, the court may order the plaintiff to be nonsuited: *Mason v. Lewis*, 1 Green's Iowa, 494.

The court may order the plaintiff to be nonsuited against his consent: *Ringgold v. Haven*, 1 Cal., 108; *Dalrymple v. Hausen*, 1 Cal., 125; *Maters v. Brown*, 1 Cal., 221.

In a clear case the judge should direct a nonsuit, though not asked to do so: *Alegro v. Duncan*, 24 How. (N. Y.), 210.

The description of the land in the declaration is so vague, indefinite and uncertain as to render the same bad. The description of the land must be such as will enable the sheriff to deliver possession after judgment: *Fenwick v. Floyd*, 1 Har. & G. (Md.), 172; *Hitchcox v. Rawson*, 14 Gratt. (Va.), 526. The premises must be described with certainty: Chitty's Pleadings, vol. 1. p. 191.

The cases quoted by plaintiff in error, in support of his position that court cannot order a nonsuit without consent of plaintiff, are based upon the common law in the absence of a statute, and in view of the fact that we have a statute governing in such cases, as above indicated, are not in point and do not apply in this case.

Additional points and authorities of plaintiff in error.

*First.*   After a plea a defective description in a petition in ejectment is waived.   A verdict may supply the description:   *Bolling v. Mayor, etc.*, 3 Randolph (Va.), 578–585 (especially the remarks on page 585); *Farrow v. Farrow*, 2 J. J. Marshall, 388 ; *Reese v. Middleton*, 1 A. K. Marshall, 6 margin.

*Second.*   General description in an action of ejectment is good :   *Barclay v. Howell*, 6 Peters, 500 and 501.

*Third.*   If an objection is taken to a defective description, it must be on demurrer; after plea or verdict it is too late :   *Whitney v. Buckman*, 19 Cal., 30.

*Fourth.*   It is enough if the premises demanded are described in the declaration with such substantial accuracy that they can be identified by the application of the evidence to the description.   As the question properly goes to the jury whether the proof is sufficient to enable them to identify the premises with those described:   *Munson v. Munson*, 30 Conn., 436.

*Fifth.*   The verdict may supply defects of description in the declaration :   *Fisher v. Larick*, 7 S. & R. (Pa.), 101; *Hagen v. Delweiler*, 35 Pa., 413.

*Sixth.*   Jury may find for a part of the land only, etc.: *Bowles v. Sharp*, 4 Bebb., 550 ; *Little v. Bishop*, 9 B. Mon., 240.

*Seventh.*   The courts take judicial notice of the local divisions of their country into counties, cities and towns, etc., and of the acts of incorporation of cities which are public.   They will take notice of counties in their own territory, but not that there are other counties of the same name in other territories:   1 Greenleaf Ev., sec. 6 ; *Woodward's Admr's v. C. & N. W. R. R. Co.*, 21 Wis., 314, and authorities there cited.

*Eighth.*   Even if the description is artificial, it is waived by joining issue, and would be cured by the verdict.

If the district judge has power to direct a nonsuit at all,

or even dismiss a case on his own motion, that power could not be exercised when there could be a trial, a good verdict and proper judgment. After the defendant waived the defects, the pleadings were good, if they had ever been bad. We claim here they never had been bad. But if they had been and a proper verdict and judgment could be rendered, then the case had reached that stage at which there could be no defect. It would be preposterous to allow a judge to dismiss a case when he has enough before him to render a good verdict and judgment on the merits of the whole case.

The law cited does not say what the judge shall do when he looks into the pleadings. It certainly did not intend to give him a discretion to dismiss cases at his pleasure; if it did, it would be more power than any other American judge has.

If he has this discretion, then he cannot be reviewed. To say the least, he should be held to as strict rules as the defendant in objecting.

In this case there had been issue joined, afterwards a change of venue, then a trial and disagreement, and finally a jury impanelled and sworn to try the case, and plaintiff's case stated to the jury, before the judge elected to nonsuit the plaintiff.

PRINCE, Chief Justice: This case is brought by writ of error from the second judicial district.

It is an action of ejectment, and was originally commenced in Socorro county, where the property in question is situate, the declaration being filed October 16, 1877. The defendant pleaded, March 14th, 1878, by W. L. Rynerson, Esq., his attorney, and afterwards, on the 15th of May, 1878, interposed another plea by Messrs. Conway & Risque. Thereupon issue was joined, and the case tried before a jury, May 17, 1878, resulting in a disagreement of the jury. Having been continued on motion and affidavit at the October, 1878, term, it came up for trial again on the 15th of May, 1879.

Montoya v. Donohoe.

On that day the record shows that a jury was called and sworn, and thereafter the plaintiff's attorney, " having opened his cause to the jury, and before any testimony had been introduced, the court having examined the said declaration in said cause, and being of the opinion, and so ruling, that the same was insufficient and void, for reason of the uncertainty in the description of the premises in question, the court directed a nonsuit to be entered in said cause, and the jury to be discharged."

" To this opinion and ruling of the court, the plaintiff, by his counsel then and there objected and excepted."

The specific assignments of error are:

1. The court erred in directing a nonsuit without permitting the plaintiff to introduce any evidence.

2. The court erred in directing a nonsuit without the consent of the plaintiff.

3. The court erred in deciding on its own motion that plaintiff's petition was insufficient.

On the hearing of the appeal, quite elaborate arguments were made, and numerous authorities cited, for and against the proposition that the description of the land in the declaration was so vague and uncertain as to make the declaration defective, and, therefore, justify action in the court below.

These questions, however, are not important if the court did not in any case have the power to direct a nonsuit without the consent of the plaintiff. That question is the primary one for consideration.

The action of the court in directing the nonsuit on its own motion, after an examination of the declaration, was evidently based upon the 24th section of the Practice Act of 1851 (General Laws, p. 119), which reads as follows:

" When any matter is plead by either party, at any stage of the cause, within the time of pleading, it shall be the duty of the court, before the same is submitted to the jury,

to consider and determine upon the sufficiency of the matter, whether excepted to or not."

In this particular case, not only had no objection been made by the defendant to the sufficiency of the declaration, but he had twice pleaded to it, and the case had been once already tried before a jury, on the pleadings so made up. The action, therefore, was entirely that of the court, as was altogether proper under this 24th section; and the question that arises is, whether the precise kind of action taken was correct under the law as existing here.

This court, at its last session, in the case of *Herrera v. Chaves, ante,* p. 86, decided that the district courts have no power in any case to order a peremptory nonsuit against the will of the plaintiff, basing that decision on the uniform rulings of the Supreme Court of the United States, in a long series of cases, from the time of *Elmore v. Grimes & Beatie,* 1 Peters, 468, to the present, and the fact that the decisions of that court are conclusive upon the courts of New Mexico so long as it remains a territory.

It was contended on the argument herein by counsel for the defendant, that the line of decisions of the Supreme Court of the United States, and that of this court, in the case of *Herrera v. Chaves, supra,* only applied to cases arising under the common law, where there was no statutory regulation, and that the section above cited from the Practice Act of 1851 gave, by direct enactment of the legislature, this power to the courts in the cases included within its scope. The precise language of that section is, " It shall be the duty of the court to consider and determine upon the sufficiency of the matter, whether excepted to or not." The intention is, we think, to give the court the power, or, rather, to devolve upon it the duty of doing certain things of its own volition, which otherwise would only be done on motion or objection by a party, but not to give it authority to perform any act which it could not legally do in any other case, even on such

motion or objection. It means that it shall be the duty of the court to do precisely as much on its own motion as it might do were the motion made by a party, and to do it in the same way. The most natural action of the defendant, on finding the plaintiff's declaration defective, would be to demur, and we think the practical effect of this statute is to place every declaration in the same position before the court as if a demurrer had been filed against it. Whatever action the court could take, if such or any other appropriate course had been pursued by the defendant to bring in question the sufficiency of the declaration, it has the right, under that statute to take, without any suggestion or action by the defendant whatever, but no more.

Section 26 of the same act (General Laws, p. 119), says: " When legal exceptions are sustained, the opposite party shall have leave to amend." The most appropriate form of the action of the court would probably be in exact conformity with the statute, to enter its determination, that the matter in the declaration was insufficient, with leave to amend. But, at all events, it has no greater power to direct a nonsuit in such a case, against the will of the plaintiff, than in a similar case where such action is directly asked by the opposing party by motion. This case was tried long before the adjudication in this court of the case of *Herrera v. Chaves*, *supra*, and at a time when, as the record shows, even the plaintiff's counsel suggested and insisted that, for a proper cause it was correct practice at that stage of the case to direct and order a nonsuit; but this does not change the law, nor lessen the obligation of the decisions of the U. S. Supreme Court, by which we are bound so long as we are a territory. It may not be improper to add here that, were New Mexico a state, and, consequently, possessing independent power to settle its own practice, it is more than doubtful whether this court would have followed the decisions of the U. S. Supreme Court in this matter, rather than the preponderance of deci-

sions in state courts, which conflict with it. Without considering it necessary to inquire into any of the other points involved in the case, we have to hold that it was error for the court below to direct a nonsuit against the will of the plaintiff. The judgment, therefore, is reversed, and the case remanded to the district court for a new trial.

All concur.